UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES DANIEL HATCHER, | Case No. 21-10843 |
| Plaintiff, | Mark A. Goldsmith |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

## REPORT AND RECOMMENDATION
## CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 15, 16)

Plaintiff James Hatcher brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his application for supplemental security income under the Social Security Act. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's motion for summary judgment (ECF No. 15), the Commissioner's cross-motion for summary judgment (ECF No. 16), Plaintiff's reply (ECF No. 17) and the administrative record (ECF No. 11).

For the reasons below, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 15), **GRANT** Defendant's motion for summary judgment (ECF No. 16), and **AFFIRM** the Commissioner's decision.

## I.     DISCUSSION

### A.     Background and Administrative History

Plaintiff alleges his disability began on April 22, 2015. (ECF No. 11, PageID.74). On December 20, 2018, he applied for disability insurance benefits at the age of 37. In his disability report, he listed ailments which diminished his ability to work. The ailments included: back injury/herniated discs, severe depression, anxiety, migraines, and dizziness. (*Id*. at PageID.265). His application was denied on March 11, 2019. (*Id.* at PageID.74).

Following the denial, Plaintiff requested a hearing by an Administrative Law Judge ("ALJ"). On January 30, 2020, ALJ Manh H. Nguyen held a hearing, at which Plaintiff and a vocational expert testified. (*Id.* at PageID.91-119). On February 19, 2020, the ALJ issued an opinion, which determined that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at PageID.87). Plaintiff later submitted a request for review of the hearing decision. On February 9, 2021, the Appeals Council denied Plaintiff's request for review. (*Id.* at PageID.45-49). Thus, the ALJ's decision became the Commissioner's final decision.

Plaintiff timely commenced the instant action on April 15, 2021.

### B.     The Administrative Decision

Pursuant to 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), at **Step 1** of the

sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 20, 2018, the application date. (ECF No. 11, PageID.76). At **Step 2**, the ALJ found that Plaintiff had the following severe impairments: herniated lumbar intervertebral disc with right-sided radiculopathy to lower extremities, migraines, tachycardia, obesity, major depressive disorder, general anxiety disorder, somatic symptom disorder, and cannabis use disorder. (*Id.* at PageID.77). At **Step 3**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.* at PageID.77-80). **Between Steps 3 and 4** of the sequential process, the ALJ evaluated Plaintiff's residual functional capacity ("RFC")[1] and determined that Plaintiff had the RFC:

> to perform light work . . . except [he] can occasionally climb ladders, ropes, or scaffolds. The claimant can occasionally [climb] stairs and ramps, stoop, crouch, balance, kneel, and crawl. The claimant must use a cane for walking. The claimant can tolerate a light setting equivalent to that of an office setting. The claimant can never perform any commercial driving. The claimant can never work around hazards such as unprotected heights or unguarded, uncovered moving machinery. The claimant can remember and carry out simple instructions. The claimant cannot perform work at a production rate pace such as assembly line work. The claimant can frequently interact with supervisors and coworkers. The claimant can occasionally interact with the general

---

[1] The claimant's "residual functional capacity" is an assessment of the most the claimant can do in a work setting despite his or her physical or mental limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002).

3

>    public.  The claimant can work in groups of no more than
>    five people such as work projects.

(*Id.* at PageID.80-85).  At **Step 4**, the ALJ determined that Plaintiff was unable to perform any past relevant work.  (*Id.* at PageID.85).  At **Step 5**, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined there were existing jobs in significant numbers within the national economy that Plaintiff could perform, such as small parts assembler, sorter, and packager.  (*Id.* at PageID.86-87).  The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, since December 20, 2018, the date the application was filed.  (*Id.* at PageID.87).

    **C.**    **Framework for Disability Determinations**

Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  In evaluating whether a claimant is disabled, the Commissioner is to consider, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; (4) can return to past relevant work; and (5) if not, whether he or she can perform

other work in the national economy. 20 C.F.R. §§ 404.1520, 416.920.[2] The Plaintiff has the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five to demonstrate that there is work available in the national economy the claimant can perform. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five.") (citing *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 148 (6th Cir. 1990)).

### D. Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind

---

[2] Citations to the regulations or Social Security Rulings are to those effective on the date of the application for disability benefits or the ALJ's decision, where appropriate, unless otherwise indicated.

5

might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Even so, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### E. Analysis

Plaintiff challenges the ALJ's assessment of Dr. Effiong's opinion. On April 22, 2019, Dr. Effiong opined, in full, that Plaintiff "can work up to 20 hours weekly at occupations that do not require standing." (ECF No. 11, PageID.383). The ALJ found that opinion unpersuasive because the limitations are not warranted and not consistent with the evidence. (*Id.* at PageID.85). The ALJ stated Plaintiff's examinations were generally unremarkable, consultative examinations were unremarkable, his treatment remained conservative, Plaintiff reported his physical therapy was beneficial, and he said he was taking 30-minute walks. (*Id.*).

Plaintiff accuses the ALJ of cherry-picking portions of treatment records to support the decision while ignoring portions that support Dr. Effiong's opinion. According to Plaintiff, the ALJ ignored the findings of deformity, use of a cane, limited lumbar range of motion, and slow and labored gait. (ECF No. 15, PageID.1087-88).

The Commissioner agrees the ALJ erred as to Dr. Effiong's opinion, but for a different reason. She argues the ALJ should not have discussed Dr. Effiong's one-sentence opinion because it consists of a statement reserved to the Commissioner—whether Plaintiff can work. The Commissioner acknowledges that this is post hoc rationalization, but insists it is permissible here because the

7

ALJ had to find the opinion inherently neither valuable nor persuasive. (ECF No. 16, PageID.1100-02).

Opinions that a claimant is or is not disabled, blind, able to work, or able to perform regular or continuing work are deemed "inherently neither valuable nor persuasive" by the Social Security Administration. 20 C.F.R. § 416.920b(c)(3)(i). Dr. Effiong's opinion that Plaintiff can work for only 20 hours a week is an opinion that she cannot work full-time, which would suggest she is disabled. But the ALJ did not reject the opinion for this reason.

In many instances, the Commissioner's post hoc rationalization of an ALJ's decision cannot be considered by this Court. *See SEC v. Chenery*, 332 U.S. 194, 196 (1947) ("[A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis."); *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014) ("In reviewing an ALJ's findings and conclusions, this Court shall not 'accept appellate counsel's *post hoc* rationalization for agency action in lieu of [accurate] reasons and findings enunciated by the Board.'") (quoting *Hyatt Corp. v. N.L.R.B.*, 939 F.2d 361, 367 (6th Cir. 1991)).

The Commissioner cites case law establishing that the rule against accepting post hoc rationalization does not apply to agency decisions that are not discretionary, such as the decision to find unvaluable and unpersuasive a medical opinion on the disability issue. Plaintiff did not directly contest this line of authority. Instead, he maintains that the ALJ's reasoning matters, and this Court cannot affirm the decision if the decision fails to provide an accurate and logical bridge between the evidence and the result. (ECF No. 17, PageID.1106).

The Supreme Court held that the rule against accepting post hoc argument does not apply in every case. When an agency is required to act or decide in a certain way, the agency's failure to do so does not preclude later consideration of the correct rationale for the result—"[t]hat [an agency] provided a different rationale for the necessary result is no cause for upsetting its ruling." *Morgan Stanley Capital Grp., Inc. v. Public Util. Dist. No. 1 of Snohomish Cty.*, 554 U.S. 527, 544-45 (2008). Remanding the case to afford the ALJ the opportunity to correctly rule on Dr. Effiong's opinion would be "an idle and useless formality[] . . . convert[ing] judicial review of agency action into a ping-pong game." *Id.* (quoting *NLRB v. Wyman–Gordon Co.,* 394 U.S. 759, 766–767, n. 6 (1969)). Thus, the undersigned suggests that this matter not be remanded for reconsideration of Dr. Effiong's opinion because the result will be the same—the

9

opinion will not be credited because it touches on an issue reserved to the Commissioner.

In his reply, Plaintiff argues the limitation to working a job without standing is not a statement that he could or could not work. (ECF No. 17, PageID.1106). In other words, the "no standing" portion of the opinion is separate and is an opinion on functional limitations, well within the purview of a treating physician and not encompassing an issue reserved solely for the Commissioner. It is reasonable to view Dr. Effiong's opinion as two separate pieces. The second piece—no standing—is not an opinion touching on the Commissioner's ultimate decision. As a result, the ALJ was required to assess the opinion's persuasiveness under the regulations. The Commissioner did not address this opinion as a stand-alone opinion. At any rate, to be safe, the undersigned will address it as such.

ALJs assess the persuasiveness of both treating and non-treating medical evaluations based on how well they are supported by the rest of the record. 20 C.F.R. §§ 404.1520c(a), 416.920c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources"). The factors an ALJ must consider in evaluating medical opinions include supportability and consistency with the record as a whole; relationship with the claimant; length of the treatment relationship; frequency of examinations; purpose

and extent of the treating relationship; whether the source has examined the claimant; specialization; and any other factors that support or undermine the medical opinion. §§ 404.1520c(c), 416.920c(c). ALJs must articulate the "most important factors of supportability and consistency" of the medical opinions but "are not required to . . . explain" the consideration given to the remaining factors. §§ 404.1520c(a-b); 416.920c(a-b).

The ALJ gave these reasons for finding Dr. Effiong's opinion unpersuasive: (1) studies were unremarkable, (2) examinations showed some abnormal signs but overall were generally unremarkable, (3) treatment remained conservative, (4) treatment was reportedly beneficial, (5) Plaintiff reported taking 30-minute walks and believed he could walk for a full hour. (ECF No. 11, PageID.85).

In Plaintiff's view, the ALJ singled out mild findings from treatment records to support the opinion assessment. According to Plaintiff, treatment records support Dr. Effiong's opinion: (1) Plaintiff exhibited deformity, (2) he ambulates with a cane, (3) he had limited lumbar range of motion, (4) he had slow and labored gait with decreased stance time on the right lower extremity, (5) his standing posture was shifted to his left leg such that it appeared he had right lumbar, left thoracic scoliosis, and (6) when standing he had no motion available and showed significant pain behaviors with difficulty tolerating any movements. (ECF No. 15, PageID.1087-88). Plaintiff maintains that these findings are not

11

unremarkable and the "mischaracterized" evidence cannot provide substantial evidence in support of the decision.

The undersigned finds no reversible error in the ALJ's treatment of the "no standing" opinion. The decision to find the opinion unpersuasive is supported by substantial evidence. For instance, the ALJ cited Plaintiff's own statements that he was walking for 30 minutes and could walk a full hour. To some degree, this conflicts with an opinion that he could not stand during the workday. The ALJ also cited conservative treatment in the form of over-the-counter pain medication and physical therapy. *See, e.g., Koch v. Comm'r of Soc. Sec. Admin.*, No. 5:19-CV-13631, 2021 WL 1565422, at *6 (E.D. Mich. Feb. 11, 2021) (collecting cases recognizing that an ALJ may consider a conservative treatment regimen in discounting a medical source's opinion), *report and recommendation adopted sub nom.*, 2021 WL 1186502 (E.D. Mich. Mar. 30, 2021). And he noted that physical therapy reportedly improved symptoms. These facts cut against an opinion that Plaintiff cannot stand during the workday. The ALJ was also not wrong to note some of the mild findings in the treatment records, such as limited lumbar range of motion or slow and labored gait.[3] That there is evidence in the record that might

---

[3] Some of Dr. Effiong's notes recorded no gait problems or no tenderness. (*See id.* at PageID.359, 361, 382). *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006) (quoting *Loral Def Sys.-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)) ("[I]t is well settled that '[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.'").

constitute substantial evidence in Plaintiff's favor does not cut against the substantiality of the evidence marshalled by the ALJ. The ALJ did not ignore findings of abnormality. Instead, he expressly acknowledged that these findings exist in the record. But the ALJ found substantial evidence inconsistent with Dr. Effiong's opinion, and that is enough to affirm the ALJ's decision. *See Blakley*, 581 F.3d at 406.

2. Recontacting Consultative Examining Nurse Practitioner

Nurse practitioner Joanna Hernandez[4] opined that Plaintiff's herniated disc caused him "significant pain" and that he relied heavily on his cane which "decrease[s] his ability to function every single day." She recommended he follow up with an orthopedic surgeon and to see a pain management specialist to better control his pain. (ECF No. 11, PageID.345). The ALJ found the opinion unpersuasive, calling it "vague in nature" and stating it does not provide any specific limitations. The ALJ also noted that the opinion is not defined by vocational or functional terms set forth in the Dictionary of Occupational Titles. (*Id.* at PageID.84-85).

In his final charge of error, Plaintiff asserts that the ALJ had a duty to recontact the consultative examining nurse practitioner to obtain clarification about

---

[4] Plaintiff and the ALJ referred to this source as Ioanna Hernandez. The Commissioner clarifies that part of Ms. Hernandez's first name was cut off in the examination report, that her first name is Joanna. (ECF No. 16, PageID.1099, n. 1; ECF No. 11, PageID.345).

her opinion. He argues the regulations direct the ALJ to recontact a consultative examiner if their report is inadequate or incomplete. (ECF No. 15, PageID.1090) (citing 20 C.F.R. § 416.919p(b)). Without the necessary clarification, Plaintiff argues the ALJ could not assess the consistency and supportability of the opinion, as he was required to do.

The Commissioner counters that the ALJ did not err. She contends that even a report that is authored without a medical opinion is not considered incomplete. Thus, a report with a vague opinion, but an opinion nonetheless, is not "inadequate or incomplete." (ECF No. 16, PageID.1103). Hence, the Commissioner says the ALJ was not required to recontact Ms. Hernandez.

ALJs are required to consider all medical opinions in evaluating a claimant's case. 20 C.F.R. 416.920c. The regulations state that ALJs will review consultative examining reports to determine whether the specific information requested was furnished. 20 C.F.R. § 416.9149p(a). If the ALJ determined that the report is inadequate or incomplete, the ALJ will recontact that source to request the missing information or a revised report. *Id.* at 416.919p(b). A "report" is adequate if it provides an evidentiary "basis for decision-making in terms of the impairment it assesses." *Id.* at 416.919p(a)(1). A complete consultative examination report should contain (1) the major or chief complaints, (2) a detailed description of the history of the major complaints, (3) a description and disposition of pertinent

14

findings based on history, examination, and tests, (4) the results of testing, (5) diagnosis and prognosis of the impairments, and (6) a medical opinion. 20 C.F.R. § 416.919n(c). Yet, "the absence of a medical opinion in a consultative examination report will not make the report incomplete." *Id.* at § 416.919n(c)(6).

Ms. Hernandez's report is complete and adequate. It contains a detailed description of Plaintiff's major or chief complaints, a description of a physical examination, results of range of motion testing, and a brief discussion of prognosis and her opinion. (ECF No. 11, PageID.341-45). It follows that the ALJ's decision not to recontact Ms. Hernandez was appropriate. *See Snead v. Comm'r of Soc. Sec.*, 2021 WL 2852555, at *14 (S.D. Ohio Jan. 28, 2021) (collecting cases).

### F. Conclusion

Plaintiff has the burden of proof on his statements of error. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). Plaintiff has not shown legal error that would upend the ALJ's decision. For all these reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 15), **GRANT** Defendant's motion for summary judgment (ECF No. 16), and **AFFIRM** the Commissioner of Social Security's decision.

### II. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 24, 2022     s/Curtis Ivy, Jr.
                        Curtis Ivy, Jr.
                        United States Magistrate Judge