UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DANIEL HATCHER,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Civil Action No. 21-10843
HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**(1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 19); (2) ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (R&R) (Dkt. 18); (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 15); (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 16); AND (5) AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff James Daniel Hatcher seeks judicial review of the final decision of the Commissioner of Social Security denying his application for supplemental security income under the Social Security Act. Hatcher and the Commissioner filed cross-motions for summary judgment (Dkts. 15, 16). The magistrate judge issued an R&R recommending that the Court deny Hatcher's motion, grant the Commissioner's motion, and affirm the Commissioner's decision (Dkt. 18). Hatcher filed objections to the R&R (Dkt. 19), and the Commissioner filed a reply to Hatcher's objections (Dkt. 21). For the reasons that follow, the Court overrules Hatcher's objections and adopts the recommendation contained in the R&R.

### I. BACKGROUND

Hatcher applied for supplemental security income, alleging that he was disabled and had a diminished ability to work due a back injury, herniated discs, severe depression, anxiety,

migraines, and dizziness. R&R at 2. The administrative law judge (ALJ), engaging in the five-step disability analysis, found at step one that Hatcher had not engaged in substantial gainful activity since his application date, December 20, 2018. Id. at 3. At step two, the ALJ found that Hatcher had the following severe impairments: herniated lumbar intervertebral disc with right-sided radiculopathy to lower extremities, migraines, tachycardia, obesity, major depressive disorder, general anxiety disorder, somatic symptom disorder, and cannabis use disorder. Id. At step three, the ALJ found that Hatcher did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in the regulations. Id. As for Hatcher's residual functional capacity (RFC),[1] the ALJ found that Hatcher had an RFC to perform light work with certain exceptions and limitations. Id. at 3–4.[2] At step four, the ALJ determined that Hatcher was unable to perform any past relevant work. Id. at 4. At step five, the ALJ determined there were existing jobs in significant numbers within the national economy that Hatcher could perform. Id. The ALJ, therefore, concluded that Hatcher was not disabled. Id.

---

[1] A claimant's "residual functional capacity" is an assessment of the most the claimant can do in a work setting despite his or her physical or mental limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a); Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 239 (6th Cir. 2002).

[2] Specifically, the ALJ determined:

> [Hatcher, the claimant, has an RFC] to perform light work . . . except [he] can occasionally climb ladders, ropes, or scaffolds. The claimant can occasionally [climb] stairs and ramps, stoop, crouch, balance, kneel, and crawl. The claimant must use a cane for walking. The claimant can tolerate a light setting equivalent to that of an office setting. The claimant can never perform any commercial driving. The claimant can never work around hazards such as unprotected heights or unguarded, uncovered moving machinery. The claimant can remember and carry out simple instructions. The claimant cannot perform work at a production rate pace such as assembly line work. The claimant can frequently interact with supervisors and coworkers. The claimant can occasionally interact with the general public. The claimant can work in groups of no more than five people such as work projects.

R&R at 3–4 (quoting Soc. Sec. Tr. at PageID.80 (Dkt. 11)).

Hatcher challenged the ALJ's RFC determination. Specifically, Hatcher challenged the ALJ's assessment of Dr. Utibe Effiong's opinion. Dr. Effiong opined that Hatcher "'can work up to 20 hours weekly at occupations that do not require standing.'" Id. at 7 (quoting Soc. Sec. Tr. at PageID.383). The ALJ found Dr. Effiong's "no standing" opinion unpersuasive because such a limitation is "not warranted and not consistent with the overall evidence." Soc. Sec. Tr. at PageID.85. The ALJ explained that throughout the adjudicatory period, (i) Hatcher's "studies were unremarkable"; (ii) likewise, although Hatcher's examinations "showed some abnormal signs," they "were overall generally unremarkable"; (iii) Hatcher's "treatment remained conservative" (he initially did not see anyone for his reported symptoms and later "only underwent medication, over the counter pain medication, physical therapy, diet, and exercise"); and (iv) Hatcher reported that his conservative treatment "seemed to be beneficial" and that he "believed he could walk for a full hour." Id.

The magistrate judge noted Hatcher's argument, advanced in his reply brief, that "the limitation to working a job without standing is not a statement that he could or could not work." R&R at 10 (citing Pl. Reply at 2 (Dkt. 17)). The magistrate judge observed that the Commissioner did not treat the "no standing" portion of Dr. Effiong's opinion "as a stand-alone opinion," as Hatcher suggested should be done. Id. But "to be safe," the magistrate judge addressed it as such. Id. The magistrate judge concluded that the ALJ's assessment of Dr. Effiong's "no standing" opinion as non-persuasive was supported by substantial evidence:

> For instance, the ALJ cited Plaintiff's own statements that he was walking for 30 minutes and could walk a full hour. To some degree, this conflicts with an opinion that he could not stand during the workday. The ALJ also cited conservative treatment in the form of over-the-counter pain medication and physical therapy. And he noted that physical therapy reportedly improved symptoms. These facts cut against an opinion that Plaintiff cannot stand during the workday. The ALJ was also not wrong to note some of the mild findings in the treatment records, such as limited lumbar range of motion or slow and labored gait. That there is evidence in

3

>the record that might constitute substantial evidence in Plaintiff's favor does not cut against the substantiality of the evidence marshalled by the ALJ. The ALJ did not ignore findings of abnormality. Instead, he expressly acknowledged that these findings exist in the record. But the ALJ found substantial evidence inconsistent with Dr. Effiong's opinion, and that is enough to affirm the ALJ's decision.

Id. at 12–13 (citations omitted).

Hatcher also launched a challenge regarding Nurse Practitioner Joanna Hernandez, who opined that Hatcher's herniated disc caused him "'significant pain'" and that he relied heavily on his cane which "'decrease[s] his ability to function every single day.'" Id. at 13 (quoting Soc. Sec. Tr. at PageID.345). Hernandez recommended that Hatcher "follow up with an orthopedic surgeon and . . . see a pain management specialist to better control his pain." Id. The ALJ found this opinion unpersuasive, stating that it was "vague in nature," and it was not defined by vocational or functional terms set forth in the Dictionary of Occupational Titles. Id. Hatcher argued that the regulations require an ALJ to "recontact a consultative examiner if their report is inadequate or incomplete," and by not doing so, the ALJ could not adequately assess the consistency and supportability of Hernandez's opinion. Id. at 14.

The magistrate judge observed that, under the applicable regulations, ALJs must review consultative examining reports to determine whether the specific information requested was furnished. Id. (citing 20 C.F.R. § 416.9149p(a)). If an ALJ determines that the report is inadequate or incomplete, the ALJ must recontact that source to request the missing information or a revised report. Id. (citing 20 C.F.R. § 416.919p(b)). "A complete consultative examination report should contain (1) the major or chief complaints, (2) a detailed description of the history of the major complaints, (3) a description and disposition of pertinent findings based on history, examination, and tests, (4) the results of testing, (5) diagnosis and prognosis of the impairments, and (6) a medical opinion." Id. at 14–15 (citing 20 C.F.R. § 416.919n(c)). But "'the absence of a medical

4

opinion in a consultative examination report will not make the report incomplete.'" Id. at 15 (quoting 20 C.F.R. § 416.919n(c)(6)). Applying these factors, the magistrate judge determined that Hernandez's report was complete and adequate: "It contains a detailed description of Plaintiff's major or chief complaints, a description of a physical examination, results of range of motion testing, and a brief discussion of prognosis and her opinion." Id. As a result, the magistrate judge concluded, the ALJ was not required to recontact Hernandez. Id.

## II. ANALYSIS

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (punctuation modified). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (punctuation modified). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the ALJ." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

Hatcher raises two objections to the R&R. The Court addresses them in turn.

### A. First Objection

Hatcher asserts that although the magistrate judge "correctly acknowledged that Dr. Effiong's opinion was not merely a statement limiting Plaintiff to less than full-time work, but that

5

it also was an opinion on standing," the magistrate judge "did not address Plaintiff's contention that the opinion on standing was not 'an outright ban on standing.'" Pl. Objections at 1–2. And because "the opinion was not an outright ban on standing," the magistrate judge erred in finding that "Plaintiff's statements (stating that he was walking for 30 minutes and could walk a full hour), when combined with intermittent negative exams, stand as substantial evidence for the ALJ's conclusion." Id. at 2.

The Commissioner argues that the magistrate judge did consider Hatcher's contention, as evidenced by the magistrate judge's citation to the specific portion of Hatcher's reply brief from which the contention arises. Def. Reply at 1–2 (citing R&R at 10). "Moreover, Plaintiff fails to show how he was harmed by the Magistrate Judge's analysis": "Whether Dr. Effiong intended to ban Plaintiff from all standing or just standing at work, the practical effect is the same," i.e., "Plaintiff would be limited to at most sedentary work. But the Magistrate Judge found that the evidence failed to support such a limitation, and Plaintiff fails to show any error in that conclusion." Id. at 2. Specifically, "Plaintiff [has not] rebutted the Magistrate Judge's findings that his conservative treatment, improvement with physical therapy, and mild findings in the treatment record also failed to support an inability to stand during the workday." Id.

The Court agrees with the Commissioner. Even assuming that both the ALJ and the magistrate judge failed to consider Hatcher's contention that Dr. Effiong's opinion on standing was not an outright ban on standing, remand is unwarranted because this error was harmless. Rabbers v. Comm'r of Soc. Sec. Admin., 582 F.3d 647, 654 (6th Cir. 2009) (citing Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001); NLRB v. Wyman-Gordon Co., 394 U.S. 759, 766 n.6 (1969) (noting that courts are not required to "convert judicial review of agency action

6

into a ping-pong game" where "remand would be an idle and useless formality")).[3] As the Commissioner explains, whether Dr. Effiong's opinion was one banning Hatcher from some standing or one banning Hatcher from all standing, the question is the same: whether substantial evidence supports the ALJ's finding that a standing limitation is "not warranted and not consistent with the overall evidence." Soc. Sec. Tr. at PageID.85. Hatcher has not shown that the magistrate judge erred in finding that the ALJ's decision was supported by substantial evidence. Nor does the Court find any error in the magistrate judge's analysis. Accordingly, Hatcher's first objection is overruled.

**B. Second Objection**

Hatcher argues that, in finding that the ALJ was not required to recontact Hernandez, the magistrate judge failed to address two cases cited in Hatcher's reply brief. Pl. Objections at 3 (referencing Dooley v. Comm'r of Soc. Sec., 656 F. App'x 113, 122 (6th Cir. 2016); Choate v. Comm'r of Soc. Sec., 17-10096, 2018 WL 1354471, at *11 (E.D. Mich. Feb. 24, 2018), R&R adopted, 17-10096, 2018 WL 1326293 (E.D. Mich. Mar. 15, 2018)).

The Commissioner argues that "Plaintiff fails to cite any authority that holds that the Magistrate Judge had to directly respond to every legal citation he references in his pleadings." Def. Reply at 3. "[M]ore importantly, Plaintiff fails to demonstrate that the Magistrate Judge erred in finding that the ALJ had no obligation to re-contact Nurse Practitioner Hernandez." Id. Finally, Dooley and Choate "fail[] to show any deficiency in the Magistrate Judge's analysis":

> In Dooley . . ., the [United States Court of Appeals for the] Sixth Circuit found that the vague opinion did not render the consultative report incomplete, given that "a consultative examiner's report is not rendered incomplete by the absence of a statement about what a claimant can still do despite his limitations." [656 F. App'x

---

[3] Under the harmless error standard, remand for further administrative proceedings is unwarranted unless "the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." Connor v. United States Civil Serv. Comm'n, 721 F.2d 1054, 1056 (6th Cir. 1983).

> at 122]. And while the [c]ourt also discussed that an inconsistency between the benign clinical signs and symptoms on examination and the opinion did not render the report incomplete or inadequate, [the court was] . . . clear that an ALJ did not need to re-contact the consultative examiner due to a vague opinion based on the specific regulatory language cited above. Id. As such, nothing in Dooley detracts from the ALJ's decision or the Magistrate Judge's R&R.
>
> Similarly, . . . [the] [c]ourt's decision in Choate . . . fails to negate the Magistrate Judge's recommendation. In Choate, the Court remanded due to an erroneous equivalency finding, including the lack of a medical opinion to support the equivalence analysis. [2018 WL 1354471,] at *9–11. But while a medical opinion was required to support the equivalence finding when Choate was decided, Social Security Ruling 96-6p, 1996 WL 374180, at *3 (July 2, 1996) (rescinded March 27, 2017), that is not the case for the residual functional capacity finding, which would have been the issue here. Mokbel-Aljahmi v. Comm'r of Soc. Sec., 732 F. App'x. 395, 401 (6th Cir. 2018) (citing Shepard v. Comm'r of Soc. Sec., 705 F. App'x 435, 442–443 (6th Cir. 2017), Rudd v. Comm'r of Soc. Sec., 531 F. App'x 719, 728 (6th Cir. 2013)) ("We have previously rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ."). As such, the holding from Choate fails to establish any flaw in the Magistrate Judge's R&R.

Id. at 4–5.

Once again, the Court agrees with the Commissioner. Even if the magistrate judge were for some reason required to address every citation in Hatcher's reply briefing, Hatcher cannot show that Dooley or Choate establish any harmful error in the magistrate judge's determination that the ALJ was not required to recontact Hernandez. Dooley actually bolsters the magistrate judge's conclusion that a "vague" report—like Hernandez's—is not tantamount to an inadequate or incomplete one requiring the ALJ to recontact the source of the report. And Choate's reasoning regarding the lack of a medical opinion to support the equivalency finding is inapt in the RFC context. See Mokbel-Aljahmi, 732 F. App'x. at 401 (explaining that the Sixth Circuit has "rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ").

8

## III. CONCLUSION

For the foregoing reasons, the Court overrules Hatcher's objections (Dkt. 19) and adopts the magistrate judge's recommendation (Dkt. 18). Accordingly, the Court denies Hatcher's motion for summary judgment (Dkt. 15), grants the Commissioner's motion for summary judgment (Dkt. 16), and affirms the Commissioner's decision.

SO ORDERED.

Dated: July 28, 2022　　　　　　　　　　　　s/Mark A. Goldsmith
　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 28, 2022.

　　　　　　　　　　　　　　　　　　　　　　s/D. Tofil
　　　　　　　　　　　　　　　　　　　　　　Case Manager